**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1060-DOC (JCGx)                    Date: July 13, 2016

Title: VALERIE ROMERO V. TORNIER MEDICAL GROUP N.V., ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:
            None Present                                      None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING MOTION TO REMAND TO STATE COURT [9]**

Before the Court is Valerie Romero's ("Romero" or "Plaintff") Motion to Remand to State Court ("Motion") (Dkt. 9). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers and the parties' arguments, the Court DENIES the Motion.

**I.    Background**

Plaintiff commenced an action against Wright Medical Group N.V., which was formerly known as Tornier, Inc. ("Tornier or "Defendant")[1] on April 1, 2016. Notice of Removal (Dkt. 1) at 1. Plaintiff served the Complaint on Defendant Tornier on April 4, 2016. *Id.* at 2. The Complaint did not disclose Plaintiff's citizenship or the amount in controversy. *See id.* Ex. D ("Compl.") at 1–7.

On May 13, 2016, Plaintiff filed a document labeled "Stipulation of Plaintiff Regarding Plaintiff's Citizenship and the Amount in Controversy" ("Stipulation"). *See id.* Ex. A at 1. That document states "Plaintiff is and has been a citizen of the State of California at all times relevant to this action, and (2) Plaintiff seeks damages in this

---

[1] Because the parties refer to Defendant as Tornier in their moving papers, the Court will do the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1060-DOC (JCGx)                                        Date: July 13, 2016
                                                                                                                            Page 2

action in excess of $75,000.00 and Plaintiff reasonably believes that the amount at issue in this action exceeds $75,000.00." *Id.*

On May 18, 2016, Plaintiff filed a Motion to Consolidate her case with a separate medical negligence case. Declaration of Joesph H. Low IV ("Low Decl.") (Dkt. 9-2) ¶ 10.

On June 7, 2016, Tornier removed the instant case to this Court. *See* Notice of Removal. In the Notice of Removal, Tornier states the diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied. *Id.* at 3. Specifically, Plaintiff is a citizen of California, and Tornier is incorporated in the Netherlands and has its principal place of business there as well.[2] *Id.* at 10. Additionally, Tornier notes that Plaintiff's Stipulation establishes the $75,000 amount in controversy requirement is satisfied. *Id.* at 2.

Plaintiff filed the instant Motion on June 24, 2016. Defendant opposed on July 5, 2016 (Dkt. 10),[3] and Plaintiff replied on July 11, 2016 (Dkt. 12).[4]

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ( "[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A defendant may generally remove a civil action from a state court to a federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and

---

[2] The Court notes that a prior entity known as Tornier N.V. has become Wright following a merger, and that a subsidiary of Tornier known as "Torner, Inc." is incorporated in Delaware and has its principal place of business in Minnesota. Notice of Removal at 3.

[3] Plaintiff argues that Defendant's Opposition was untimely. *See* Reply at 2–3. While true, the Court exercises its discretion and considers the arguments raised in Defendant's Opposition.

[4] The Court notes Defendant filed an Amended Opposition on July 7, 2016 (Dkt. 11), and Plaintiff filed a corrected Reply later on July 11, 2016 (Dkt. 14).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1060-DOC (JCGx)                                         Date: July 13, 2016
                                                                                                                              Page 3

(2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

       However, a major limitation exists regarding the defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant – that is, a defendant who is a citizen of the state in which the action was originally brought. *See Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

**III.     Discussion**

       Plaintiff offers three arguments why this case should be remanded to state court.

       First, Plaintiff argues Defendant's removal was untimely. 28 U.S.C. § 1446(b)(1) provides that a defendant must file its notice of removal within thirty days after service of the initial pleading. Plaintiff notes Tornier was served on April 4, 2016, but the case was not removed until June 7, 2016. *See* Mot. at 4. Thus, Plaintiff contends Defendant's removal was untimely. *Id.* This argument, however, overlooks the

> [removal] statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'

*Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (citing 28 U.S.C. § 1446(b)). Here, Plaintiff's Complaint, which was served on April 4, 2016, did not reveal a basis for removal. Indeed, it was not until Plaintiff filed its "Stipulation" on May 13, 2016 that Defendant learned of Plaintiff's citizenship and the amount in controversy. After learning this information on May 13, 2016, Defendant removed the action to this

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-1060-DOC (JCGx)                                                                        Date: July 13, 2016
                                                                                                                                           Page 4

Court on June 7, 2016 – within "the second thirty-day window." *Id.* at 694 (citation omitted). As such, Defendant's removal was timely.[5]

     Second, Plaintiff argues removal was improper because Plaintiff filed a motion to consolidate in state court that, if granted, would have destroyed complete diversity. Mot. at 4–5. This argument lacks merit. As an initial matter, Plaintiff provides the Court with no legal authority to support its position. *See id.* Further, as Defendant points out, the existing authority suggests the potential for consolidation in state court does not impact the removal analysis. For instance, in *Lincoln Property Co. v. Roche*, the Supreme Court held "[i]t is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity." 546 U.S. 81, 84 (2004); *see also Charter Oak Fire Ins., Co. v. River City Mechanical, Inc.*, No. 12-1360-RDR, 2013 WL 162263, at *1 (D. Kan. Jan. 11, 2013) ("Here, we believe this court's diversity jurisdiction should be determined on the basis of the *named* parties when those parties are real parties in interest."). Additionally, courts have declined to consider the potential consolidation of state court actions in conducting the removal analysis. *See, e.g.*, *Lempke v. FE*, Civil Action No. 10-5380, Civil Action No. 10-5426, 2011 U.S. Dist. LEXIS 64451, at *12 (E.D. Pa. June 16, 2011) ("Likewise, plaintiff's arguments that the state court likely would have granted its motion to consolidate all four actions and that a joinder complaint has been filed by one of the defendants in the state court cannot affect the outcome of the § 1447(c) analysis.").

     Third, in its Motion, Plaintiff notes Defendant "failed to notice this court of the pending State court motion to consolidate" the present case with the other state court action. Mot. at 4. To the extent Plaintiff is arguing the case should be remanded because Defendant failed to attach the motion to consolidate, that argument fails. Once again, Plaintiff fails to cite any relevant legal authority. Based on its review of existing authority, the Court finds Defendant was not required to attach the motion to consolidate, especially considering the motion was filed in the separate state court action and Defendant did provide notice of related cases. *See* 28 U.S.C. § 1446(a) (requiring the notice of removal include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). But even if Defendant was required to attach the motion to consolidate, the failure to do so is a "*de minimis* procedural defect" and

---

[5] In the Reply, Plaintiff contends that Defendant "had actual knowledge of the related case and constructive knowledge that the related case defendant destroys diversity, during the 30 day period following the service of the complaint." Reply at 3 (citation omitted). However, as explained below, the fact that the separate action – which had not been consolidated with the instant case – had the potential to destroy diversity does not change this analysis. It remains that Defendant did not have a basis for removal until Plaintiff's May 13, 2016 "Stipulation," and Defendant filed the Notice of Removal within 30 days of that date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-1060-DOC (JCGx)                                  Date: July 13, 2016

Page 5

does not render removal improper. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013).[6] Accordingly, Plaintiff's argument is unpersuasive.

In short, Plaintiff has presented no valid argument for removal.[7] Because diversity jurisdiction exists, and because Plaintiff has not identified any procedural defects with the removal, the Court lacks discretion to remand the case to state court. *See Cleveland v. West Ridge Academy*, No. 1:14-cv-01825-SKO, 2015 WL 164592, at *2 (E.D. Cal. Jan. 13, 2015) ("However, a district court lacks discretion to remand a case to the state court if the case was properly removed.") (citing *Carpenters S. Cal. Admin Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984)).

### IV. Disposition

For the foregoing reasons, the Motion is DENIED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                                    Initials of Deputy Clerk: djg
CIVIL-GEN

---

[6] The Court notes that out of an abundance of caution, Defendant has attached the motion to consolidate and the proof of service of summons. *See* Declaration of James K. Holder ("Holder Decl.") (10-1) Ex. 2.

[7] Plaintiff also states in her Motion that removal is improper under a Rule 11 analysis and cites the *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Grp. (USAIG)*, 823 F.2d 302, 304–05 (9th Cir. 1987) decision for support. Mot. at 5–6. The Court finds the *Rockwell* decision has no relevance to the case at hand, and cautions Plaintiff to be more carful when invoking Rule 11 in the future.